NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 7, 2014[*]
Decided May 8, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 13-3023

CORA McMORRIS,
    *Plaintiff–Appellant*,

    *v.*

AMERICAN SENIOR COMMUNITIES
and CARDINAL NURSING &
REHABILITATION CENTER
    *Defendants–Appellees*.

Appeal from the United States District
Court for the Northern District of
Indiana, South Bend Division.

No. 3:12cv264

Philip P. Simon,
*Chief Judge.*

**O R D E R**

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. The appeal thus is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(C).

Cora McMorris, formerly a nursing assistant at Cardinal Nursing and Rehabilitation Center, challenges the grant of summary judgment against her in this employment discrimination suit under 42 U.S.C. § 2000e. We affirm.

McMorris, who is African-American, brought this suit asserting race discrimination and a hostile work environment against Cardinal, a senior housing and health facility, as well as the company that manages the facility, American Senior Communities. This suit arises out of a mundane incident that occurred soon after McMorris's hiring. According to McMorris, a loud argument broke out after a white nurse "snatched" a pen from her hand, causing her "almost" to lose her balance. A supervisor overheard the commotion, hurried to the scene, and told the two women to lower their voices, but McMorris ignored her and walked away. After an investigation Cardinal suspended McMorris without pay for three days for disruptive conduct and insubordination; the other nurse was not suspended. McMorris later was paid for those days, but she still filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging race discrimination. This suit followed.

McMorris later moved under Federal Rule of Civil Procedure 15 to amend her complaint to incorporate allegations of retaliatory conduct that had occurred after her EEOC charge was filed. A magistrate judge denied her request as premature—and consequently futile—because McMorris failed to show that she had received an EEOC right-to-sue letter related to the retaliation claim.

The district court eventually granted summary judgment to the defendants. The court concluded that McMorris failed to provide sufficient evidence that Cardinal suspended her with discriminatory intent or that she worked in a hostile environment.

On appeal McMorris first challenges the magistrate judge's ruling denying her motion to amend her complaint to add a claim of retaliation. But as the magistrate judge properly found, McMorris had not yet obtained the requisite right-to-sue letter from the EEOC concerning this claim. See 42 U.S.C. § 2000e-5(f)(1); *Brown v. Ill. Dep't of Natural Res.*, 499 F.3d 675, 681 n.5 (7th Cir. 2007); *Conner v. Ill. Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005).

McMorris also asserts that the court erred by considering evidence outside the record, namely, a security video that reportedly captured some part of the pen-snatching incident. She apparently believes that the court's references in its order to the video reveal that the court watched the video and relied on it. But McMorris misapprehends the court's

explanation; its citations reflect that it was relying on a report in which Cardinal's executive director describes viewing the video as part of her investigation of the incident.

McMorris also contends that the court should not have considered Cardinal's investigation report because it was inadmissible and not properly authenticated. But the report was supported by an affidavit of Cardinal's human resources director asserting that the report was prepared shortly after the incident by Cardinal's executive director, who had personal knowledge of the investigation. See FED. R. EVID. 901; *Thanongsinh v. Bd. of Educ.*, 462 F.3d 762, 779 (7th Cir. 2006). In the report, Cardinal's executive director explains that she decided to suspend McMorris based on her interviews with witnesses and what she saw on the video.

Finally, we agree with the district court that even if McMorris had established a *prima facie* case of race discrimination, there is no evidence in the record that Cardinal acted with a discriminatory intent or that the stated reason for suspending McMorris was pretextual. See *Johnson v. Gen. Bd. of Pension & Health Benefits of United Methodist Church*, 733 F.3d 722, 729 (7th Cir. 2013). The defendants were thus entitled to summary judgment, and so we AFFIRM the decision of the district court.